DONALD A. BYRNE and ARLENE E. BYRNE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Byrne v. Commissioner
Docket No. 19941-80
United States Tax Court
T.C. Memo 1982-364; 1982 Tax Ct. Memo LEXIS 385; 44 T.C.M. (CCH) 297; T.C.M. (RIA) 82364; June 28, 1982
Vincent L. Alsfeld, for the petitioners. Theodore L. Craft, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined a deficiency in petitioners' income tax of $ 5,966.20 for the taxable year ended December 31, 1977. After concessions, the only issue for decision is whether receipt of a nontaxable reimbursement for certain educational expenses precludes a deduction for such expenses. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated *386 herein by this reference. Petitioners Donald and Arlene Byrne, husband and wife, filed a joint Federal income tax return for 1977 with the Andover, Massachusetts, Service Center. At the time their petition was filed, petitioners resided in North Chatham, Massachusetts. Arlene Byrne is a petitioner herein only by virtue of having filed a joint return with her husband, Donald Byrne, who will hereinafter be referred to as petitioner. Petitioner was employed by Eastern Air Lines as a commercial airline pilot during 1977, and in August of that year he received flight training from two aviation schools. The training, which was on a Lear jet, was not required by petitioner's employer, but petitioner believed that the training was desirable in order to maintain his skills as a pilot. The total tuition and fees for the two training courses was $ 11,914.07. Pursuant to 38 U.S.C. section 1677, [1] petitioner applied for and received benefits from the Veterans Administration (VA) in respect of the training courses. The benefits, which totaled $ 10,808.55, represented 90 percent of the foregoing tuition and fee charges. These benefits are exempt from taxation under *387 38 U.S.C. section 3101 (a). [2]
*388 On his 1977 Federal income tax return, petitioner excluded the VA benefits from income and claimed a deduction of $ 12,661.94 for "Training Expense". This figure is composed of the following amounts: Reimbursed Tuition and Fees
$ 10,808.55
Unreimbursed Tuition and Fees
1,105.52
Other related expenses
747.87
$ 12,661.94
In the statutory notice of deficiency, the Commissioner disallowed the deduction on the grounds that (1) the expense was not required by petitioner's employer and was therefore personal, and (2) no deduction is allowed for flight training expenses which are reimbursed by the VA. [3]
OPINION Respondent has made concessions in the stipulation of facts and on brief which narrowly focus the issue for decision. First, respondent has conceded that petitioner is entitled to a deduction of $ 1,853.39 for the unreimbursed portion of the tuition and fees and petitioner's other expenses related to the flight training. Second, respondent has conceded that the reimbursed portion of the tuition and fees meets the test for *389 deductibility under section 162(a) and section 1.162-5(a), Income Tax Regs.[4] Thus, the only issue presented is whether the deduction for this portion of the tuition and fees is precluded by the receipt of a nontaxable reimbursement of those expenses. [5]
In Manocchio *390 v. Commissioner, 78 T.C. (June 14, 1982) (slip op. at 11), we recently addressed this very issue, on virtually identical facts, and in a court-reviewed opinion we held that the deduction must be denied under section 265(1), I.R.C. 1954. [6] All of the arguments presented by this petitioner were considered and rejected in Manocchio, [7] and we see no reason to traverse that ground once again. See also Beynon v. Commissioner, T.C. Memo. 1982-349. We hold that petitioner is not entitled to a deduction for his flight training expenses to the extent of $ 10,808.55, the amount of the nontaxable reimbursement received by him from the VA. *391 Because of concessions, Decision will be entered under Rule 155. Footnotes
1. SEC. 1677. FLIGHT TRAINING. (a) The Administrator may approve the pursuit by an eligible veteran of flight training where such training is generally accepted as necessary for the attainment of a recognized vocational objective in the field of aviation or where generally recognized as ancillary to the pursuit of a vocational endeavor other than aviation, subject to the following conditions: (1) the eligible veteran must possess a valid private pilot's license and meet the medical requirements necessary for a commercial pilot's license; and (2) the flight school courses must meet the Federal Aviation Administration standards and be approved both by that Agency and the appropriate State approving agency. (b) Each eligible veteran who is pursuing a program of education consisting exclusively of flight training approved as meeting the requirements of subsection (a) hereof, shall be paid an educational assistance allowance to be computed at the rate of 90 per centum of the established charges for tuition and fees which similarly circumstanced non-veterans enrolled in the same flight course are required to pay. Such allowance shall be paid monthly upon receipt of a certification as required by section 1681(c) of this title. In each such case the eligible veteran's period of entitlement shall be charged with one month for each $ 270 which is paid to the veteran as an educational assistance allowance for such course. 38 U.S.C. sec. 1677↩ has been repealed by the Omnibus Budget Reconciliation Act of 1981, sec. 2003, Pub. L. 97-35, 95 Stat. 357, 782. 2. SEC. 3101. NONASSIGNABILITY AND EXEMPT STATUS OF BENEFITS. (a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. * * *↩
3. Presumably this ground for disallowance was intended to apply only to the portion of the expense which was reimbursed.↩
4. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. -- There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. Sec. 1.162-5. Expenses for education. (a) General rule. Expenditures made by an individual for education * * * are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education -- (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation. ↩
5. We express no opinion as to either of the issues conceded by respondent.↩
6. SEC. 265. EXPENSES AND INTEREST RELATING TO TAX-EXEMPT INCOME. No deduction shall be allowed for -- (1) Expenses. -- Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle. ↩
7. As to the applicability of sec. 265(1), see Manocchio, slip op. at 7-16; as to the validity of the distinction drawn by the Commissioner between benefits received under 38 U.S.C. sec. 1677 and 38 U.S.C. sec. 1681, see Manocchio, slip op. at 23-24; and as to the Commissioner's discretion in retroactively denying this deduction, Rev. Rul. 80-173, 1980-2 C.B. 60, see Manocchio↩, slip op. at 16-23.